The wife alone can call for the expenditure of the money directed to be laid out in repairs of the dwelling. It is expressly stated to be for the accommodation of herself and family, and on lands devised to her for life, and is made dependent on her being alive at the testator's death. On the latter ground, I think the reasons for this construction are unanswerable. Had it been intended for the benefit of another, for instance the ulterior devisee, it would not have been made to depend on her life. There is no connection between her existence and the benefit intended for him. If she had died the day before the testator, it was not to be expended; if the day after, it is contended *Page 266 
it must, unless by clear intendment, taking the whole will (471) together, we should arrive at such a conclusion, where one so plain and sensible and consistent with the other parts of the will is so obvious. To his wife he had given the lands for the convenience of herself and family, on which the repairs were to be made, and as conclusive evidence that to her alone his bounty was extended, it is made dependent on her being alive at his death. The, if from the will she was the object, she alone can call for its execution. Were a testator to make a bequest on a contingency in no other ways connected with his bequest; if in the present case he had not given the lands to his wife for life; if the repairs were not to be made for her accommodation; if the testator had devised the money to be laid out on these or any other lands in which his wife was not interested, and had directed money to be expended on them, if his wife should be alive at his death, or upon any other contingency, as the death of A. B., and the contingency had happened, here, as there would be no clue by which the testator's object could be ascertained, his will should stand, for the reason it would be sufficient that he has so said, and there is nothing in the will by which the words in this particular could be explained or contradicted; but in this case it is far different; the wife, upon whose death before testator's nothing passes, is devisee for life of the lands on which the expenditure is to be made; it is expressly stated that it is for the accommodation of herself and family, and lest he should be misunderstood it is not to be laid out if his wife should die before him. It is said that the wife, having survived the husband even for a day, an hour, could call for its execution — admitted; but she alone could do so, and dying before she needed the provision, and before it possibly could be done, no other person can call for it; for none can call for it but those for whom the testator designed it. It is true, the ulterior devisee would have enjoyed it after the wife's death, if done, as the thing attached to the land (but not for his benefit, for if it was it (472) would not have depended on the wife's being alive at the testator's death), and when done the testator would not detach it because it could not be done without much injury, and the detached thing would be of little or no value.
In coming at my conclusion, I disclaim all other guides but the words of the will. I have only made every part subservient to the whole, a liberty for which I will not cite authorities; the books are full of cases to the same effect.
TAYLOR, C. J., concurred.
PER CURIAM. Judgment accordingly. *Page 267